UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

RESCO LODGING LLC DBA
SUPER 8,
        Plaintiff,

versus

PETER T. GAYNOR, in his official capacity
as the Acting Administrator of the
FEDERAL EMERGENCY MANAGEMENT
AGENCY (FEMA),
        Defendant.

# COMPLAINT

NOW INTO COURT, through undersigned counsel, comes Plaintiff, RESCO LODGING LLC DBA SUPER 8 ("SUPER 8"), who files this Complaint against Defendant, PETER T. GAYNOR, in his official capacity as the Acting Administrator[1] of the FEDERAL EMERGENCY MANAGEMENT AGENCY ("FEMA"), on the grounds set forth below:

## Jurisdiction and Venue

1. This action arises as a result of FEMA's denial of the SUPER 8's flood claim under the National Flood Insurance Act of 1968, as amended ("NFIA"; 42 U.S.C. §4001 *et seq.*), the Federal Emergency Management Agency's ("FEMA") regulations, and federal common law.

2. This breach of contract action involves breaches of a Standard Flood Insurance Policy ("SFIP") General Property Form, 44 C.F.R. Pt. 61, Appx. A(2), that FEMA sold to SUPER 8 pursuant to the NFIA.

---

[1] Pursuant to 42 U.S.C. § 4072, the only proper party defendant is the Administrator of FEMA in his official capacity, currently the Acting Administrator, Peter T. Gaynor.

3. Pursuant to 42 U.S.C. § 4072 this Court has original and exclusive subject matter jurisdiction over cases involving disputed disallowance or partial disallowance of federal flood insurance claims proceeds, regardless of the amount in controversy.

4. In addition, this Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because the interpretation of the SFIP, a federal regulation, creates numerous substantial federal questions.

5. Venue is proper in the United States District Court for the Southern District of Texas pursuant to 28 U.S.C. §1391(b) and (c), and 42 U.S.C. §4072, as this Court encompassed the location of the subject property.

## Parties

6. Plaintiff, SUPER 8, is a limited liability company duly qualified and registered in the State of Texas, with its principal place of business being in Harris County, Texas.

7. SUPER 8 is the owner of the property located at and commonly identified as 5550 Homestead Road, Houston, Texas 77028-5021.

8. Defendant is PETER T. GAYNOR, in his official capacity as the Acting Administrator of FEMA, as authorized under 42 U.S.C. §4072 to asset claims related to the disallowance or partial disallowance of a flood insurance claim. *See also*, 44 C.F.R. Pt. 61, Appx. A(2), Art. VII.R. and 44 C.F.R. §62.22

## Background Facts

9. FEMA sold an SFIP, General Property Form (44 C.F.R. Pt. 61, Appx. A(2), to SUPER 8 for the subject property having coverage amounts of $500,000.00 for Coverage A – Building and $330,800.00 for Coverage B – Contents, each subject to a $1,250.00 deductible. *See*, Exhibit 1.

SUPER 8 paid all necessary premiums, and the SFIP was in full force and effect on or about August 25, 2017, and all relevant times thereafter.

10. The SFIP issued to SUPER 8 covered flood damage subject for the building and other structures described under Coverage A; contents under Coverage B; debris and loss avoidance measures as described under Coverage C; and, costs incurred to comply with state or local flood plain management laws or ordinances as described under Coverage D (also known as Increased Cost of Compliance or ICC). This lawsuit specifically does not seek any claim under Coverage D.

11. On or about August 25, 2017, Hurricane Harvey began impacting the Texas coast causing widespread, devastating, long-duration flooding (the "Flood") throughout much of southeast Texas, and ultimately flooding the SUPER 8 building and contents.

12. As a direct and proximate result of the Flood, SUPER 8 suffered a direct physical loss. SUPER 8's property was inundated with contaminated floodwaters for several days causing physical changes and damages directly by and from Flood to the subject property. SUPER 8 has incurred and continues to incur significant expenses to restore the property to pre-flood condition.

13. SUPER 8 timely notified FEMA of this flood insurance loss, as required by Article VII.J.1. of the SFIP.

14. FEMA hired and sent an adjuster to SUPER 8's building to inspect the property, prepare a damage estimate and a Proof of Loss form, and to make adjustment recommendations, subject to the approval of FEMA. FEMA's estimate recommended complete tear out up to four feet of the lower floor of the building.

15. FEMA and the adjuster prepared a damage estimate and a Proof of Loss form, but they chose to not comply with the provisions and requirements of the SFIP and FEMA's own rules, regulations, guidance, and Adjuster Claims Manual.

16. SUPER 8 felt forced to sign and submit a Proof of Loss statement to FEMA based upon the insurance adjuster's inspection and report of the subject property in order to receive an initial damage assessment payment.

17. SUPER 8 realized that numerous flood damaged items had been omitted and other flood damages items were significantly underpaid by FEMA.

18. Because the adjuster's Proof of Loss and FEMA's payments based upon it were deficient and failed to adequately compensate SUPER 8 for all covered losses, SUPER 8 retained independent experts, Pinnacle Limited, to evaluate the extent of the flood loss caused by and from Flood.

19. Pinnacle Limited found that the Flood had damaged SUPER 8's covered property in an amount and scope far greater than found by FEMA's adjuster.

20. SUPER 8 objected to the estimate and payment by Defendant on the following grounds: the Defendant's estimate and payment did not include or detail the full scope of covered damages and necessary repairs; damaged items were omitted or missing; the adjuster chose to use incorrect and/or inadequate pricing which did not accurately reflect the true cost of repairs unique to SUPER 8's building and contents; and, the adjuster chose to use inappropriate and/or inadequate methods of repair.

21. On July 5, 2018, FEMA sent a letter to SUPER 8 advising that it would not "issue a payment in the amount requested."

22. On August 23, 2018, SUPER 8 submitted a timely, signed and sworn proof of loss statement to FEMA for remaining coverage limits for Coverage A – Building and $179,308.00 for Coverage B – Contents, all with supporting documentation, as required by Article VII.J.4. Such

covered flood damages include but are not limited to exterior synthetic stucco, perimeter wall sheathing, and flooring.

23. FEMA chose to not make any efforts to agree on the scope of damages; chose to not make a determination regarding missing items; chose to ignore the pricing submitted in the SUPER 8's estimate which was prepared by a qualified professional using industry standard software; and chose to not review its own estimate for improper methods of repair used by its adjuster. FEMA refuses to consider any additional payment or take any action on the SUPER 8's Proof of Loss and estimate until SUPER 8 produces receipt of "incurred" or "accrued" costs. There is no provision in the SFIP which requires the insured to make repairs.

24. By failing to make any effort to reach agreement on the scope of damages and pricing with SUPER 8, FEMA has deprived the SUPER 8 of the right to appraisal under the SFIP, Art. VII.P. FEMA's choice not to consider SUPER 8's estimate and identifying the items it disputes or denies also denies SUPER 8 of the right to appeal. At this time, SUPER 8 has no other alternative but to file suit to collect the amount due under the SFIP.

25. SUPER 8 has complied with all condition precedents within the SFIP prior to filing this lawsuit, including, but not limited to, timely notifying FEMA of the loss and submitting a timely Proof of Loss. Moreover, SUPER 8 is filing suit within one year of the July 5, 2018 letter denying payment. Therefore, this suit is timely within 42 U.S.C. §4072 and 44 C.F.R. Pt. 61, Appx. A(2), Art. VII.R.

26. Despite receipt of the documentation evidencing FEMA's substantial underpayment, Defendant has delayed and denied these claims, which are due and owed under the SFIP.

**Breach of Contract**

27. SUPER 8 re-alleges and incorporates each and every allegation set forth above as if set forth fully herein.

28. This is an action for damages as a result of FEMA's breach of the SFIP, an insurance contract.

29. SUPER 8 and FEMA entered into an insurance contract when Homeowner purchased from FEMA the above referenced SFIP, no. 4000491787, for the subject property.

30. The SFIP, at all times relevant, provided flood insurance coverage to SUPER 8 for physical damages to the subject property caused by or from Flood.

31. Beginning on or about August 25, 2017, SUPER 8's building and contents flooded for an extended period of time. The Flood physically changed and damaged the subject property.

32. SUPER 8 fully performed under the contract by having paid all premiums when due, satisfying all SFIP requirements, including but not limited to Articles VII.J. and VII.R., and cooperating with the Defendant and its adjuster.

33. SUPER 8 complied with all conditions precedent to recovery, including but not limited to timely notification of the flood loss and submitting a complete Proof of Loss statement with supporting documentation.

34. FEMA materially breached the SFIP when it chose to not pay SUPER 8 for all covered damages caused directly by and from Flood water. Further, FEMA breached the SFIP when it failed to pay for covered but omitted flood damaged items and when it underpaid numerous flood damaged items in the subject property. Moreover, FEMA breached the contract of insurance when it failed to perform other obligations it owed the Homeowner under the SFIP.

35. By virtue of its various breaches of contract, including the choice not to pay SUPER 8 for its covered losses, FEMA is liable to and owes SUPER 8 for the actual damages SUPER 8 sustained as a foreseeable and direct result of the breach of contract and all costs associated with recovering, repairing, and/or replacing the covered, flood damaged property in accordance with the SFIP, together with all costs, expenses, and relief as allowed by law.

## Prayer for Relief

**WHEREFORE**, Plaintiff, RESCO LODGING LLC DBA SUPER 8, prays that after due proceedings are heard, that this Court enter Judgment in favor of the Plaintiff and against the Defendant for all amounts that Plaintiff proves at trial of this matter for damages due to the Defendant's breach of the insurance contract, and for cost, expenses, and other relief that this Honorable Court may deem just and proper.

Respectfully submitted,

**PANDIT LAW FIRM, L.L.C.**

BY:   */s/ Phillip N. Sanov*
PHILLIP N. SANOV,  Tx. Bar No. 17635950
RAJAN PANDIT,     La. Bar No. 32215
                  Fed. ID 1070660
JOHN D. CARTER,   La. Bar No. 24334
                  Fed. ID 1058771
JESSIE BRAUD CALLAHAN,
                  La. Bar No. 37526
                  Fed. ID 3364439
HENRY J. ROTH,    La. Bar No. 37526
                  Fed. ID 3364439

One Galleria Tower
2700 Post Oak Blvd., 21st Floor
Houston, TX 77056
Telephone:   (800) 615-3046
Facsimile:   (504) 313-3820
Email:       psanov@panditlaw.com
COUNSEL FOR PLAINTIFF